IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF NORTH CAROLINA

ASHEVILLE DIVISION

Hand-Delivered

FILED
CHARLOTTE, NC

NOV 20 2025

US DISTRICT COURT
WESTERN DISTRICT OF NC

---------------------------------------------------------------

TILLMAN H. GALLOWAY III,

    Plaintiff,

v.

    Case No.: 1:25-CV-416-MR

CITY OF SHELBY and

OFFICER CALEB WEAVER,

    Defendants.

---------------------------------------------------------------

COMPLAINT FOR DAMAGES

JURY TRIAL DEMANDED

## I. INTRODUCTION

Plaintiff brings this civil rights action under 42 U.S.C. Section 1983 based on the fabrication of evidence by Officer Caleb Weaver on October 8, 2025, following an uneventful police-escorted site visit on September 5, 2025. Officer Weaver's conduct, and the City of Shelby's failure to supervise and correct it, caused reputational, economic, and constitutional harm to the Plaintiff.

## II. JURISDICTION AND VENUE

This Court has jurisdiction under 28 U.S.C. Section 1331. Venue is proper under 28 U.S.C. Section 1391(b) because the events occurred in Cleveland County, North Carolina.

## III. PARTIES

Plaintiff resides in Anderson, South Carolina. Defendant City of Shelby is responsible for the Shelby Police Department. Defendant Officer Caleb Weaver acted under color of state law at all relevant times.

## IV. FACTUAL ALLEGATIONS

1. On August 27, 2025, Plaintiff's company, Source Connect Technology (SCT), discovered and witnessed vandalism to installed materials at the Cleveland County Justice Center job site in Shelby, North Carolina.

2. SCT was removed from the project that same day based on a fabricated story created by the general contractor.

3. Plaintiff documented the vandalism through photographs and eyewitness accounts.

4. On September 5, 2025, Plaintiff and lead technician returned to retrieve materials and equipment under a police escort conducted by Officer Weaver.

5. Plaintiff behaved calmly, professionally, and respectfully during the escort.

6. Sage, SCT's lead technician, observed Plaintiff and confirmed his normal demeanor.

7. Officer Weaver did not issue warnings, make accusations, or create any documentation alleging misconduct.

8. No allegation of impairment or aggression existed at that time.

9. Internal communications confirmed that no documentation existed supporting any allegation of misconduct by Plaintiff.

10. Sergeant Danny Halloran reviewed body camera footage and confirmed no concerning behavior occurred.

11. Plaintiff requested a written escort summary from Officer Weaver, but none was provided.

12. On October 8, 2025, Officer Weaver submitted a written statement to NetPlanner's president, John Potts, that falsely claimed Plaintiff behaved oddly during site visit on September 5, 2025.

13. Officer Weaver did not respond to Plaintiff's documentation requests but provided false information to outside parties.

14. The Shelby Police Department opened an internal affairs review after Plaintiff complained about the fabricated statement Officer Weaver emailed to NetPlanner's president, John Potts.

15. The general contractor initiated the false narrative, but Officer Weaver's fabricated statement gave governmental legitimacy to that narrative.

16. Officer Weaver's false statement reinforced the justification for excluding SCT from the Cleveland County Justice Center project.

17. Plaintiff suffered reputational harm, emotional distress, and economic losses.


## V. CLAIMS FOR RELIEF

Count I – Fabrication of Evidence (42 U.S.C. Section 1983)

Count II – Denial of Due Process (42 U.S.C. Section 1983)

Count III – Equal Protection Violation (42 U.S.C. Section 1983)

Count IV – Municipal Liability (Monell)

Count V – Defamation (State Law)

Count VI – Intentional Infliction of Emotional Distress

Count VII – Negligent Supervision (City of Shelby)

## VI. DAMAGES

1. Contract value: $269,911.79

2. Unpaid invoice: $34,800.00

3. Business relationship value over three years: $329,309.63

4. Emotional distress and reputational harm

5. Punitive damages against Officer Weaver individually

## VII. PRAYER FOR RELIEF

Plaintiff respectfully requests compensatory damages, punitive damages, costs of this action, and all additional relief the Court deems proper.

Respectfully submitted,

_____ (signature)

__11-20-25____ (date)

Tillman H. Galloway III

501 Rantowles Road

Anderson, SC 29621

Telephone: 843-817-6642